# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE APPLICATION OF THE UNITED STATES<br>OF AMERICA FOR A SEARCH WARRANT OF<br>ONE PERSON UNDER RULE 41 | )<br>)<br>)  Case No. 25-SW-244<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

> See Attachment A (incorporated by reference)

Located within the jurisdiction of the District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

> See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(i) - Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence or a Drug Trafficking Offense; 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) - Unlawful Possession with Intent to Distribute Marijuana. | |

The application is based on these facts:
> See Affidavit in Support of Application for Search Warrant.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James R. Parrotte, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone  *(specify reliable electronic means)*.

Date: 8/26/2025

*Judge's signature*

City and state: Washington, D.C.   G. Michael Harvey
(United States Magistrate Judge)

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 25-SW-244
THE APPLICATION OF THE UNITED STATES )
OF AMERICA FOR A SEARCH WARRANT OF )
ONE PERSON UNDER RULE 41 )

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located within the jurisdiction of the District of Columbia.
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before   September 09, 2025   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   G. Michael Harvey   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   8/26/2025

*Judge's signature*

City and state:   Washington, D.C.   G. Michael Harvey
United States Magistrate Judge

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 25-SW-244 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____                             _____ <br>                                                                                          *Executing officer's signature* <br><br>                                                                                                    _____ <br>                                                                                                           *Printed name and title* |

## ATTACHMENT A

*Person to be Searched*

The person to be searched is MIKEL REEVES, date of birth 08/24/2006, PDID: 760216



**MIKEL REEVES**

1

## ATTACHMENT B

*Property to be seized from person of MIKEL REEVES*

A sample of deoxyribonucleic acid (DNA) of the person identified in Attachment A, to be collected via buccal or oral swabs in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON UNDER RULE 41 | Case No. 25-SW-244 |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41
FOR A WARRANT TO SEARCH AND SEIZE**

I, Special Agent James R. Parrotte of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to obtain deoxyribonucleic acid ("DNA") for comparison purposes in the form of buccal swabs from MIKEL REEVES (*see* Attachment A).

2. I have been a Special Agent with ATF since January 2023. I am currently assigned to the ATF Washington Field Division's Group V. My assignments include investigating individuals who are involved in the illegal possession and transfer of firearms, violent crimes involving firearms, narcotics, and firearms trafficking. I have conducted and participated in surveillance operations, controlled purchases, executed search warrants, arrest warrants, and developed sources of information. Prior to my tenure as a Special Agent, I served as a Federal Air Marshal with the Transportation Security Administration (TSA)/Federal Air Marshal Service (FAMS) for approximately 12 years and 6 months. Throughout my tenure as a Federal Air Marshal my duties included conducting surveillance of Known and Suspected Terrorists (KSTs) in the aviation domain; participating in multi-agency task forces, supporting an integrated federal law enforcement and intelligence approach to proactively fight domestic and international terrorism.

1

3. I have a Bachelor of Arts degree in Communication with a concentration in Public Relations from George Mason University in Fairfax, Virginia. In October 2020, I earned a Master of Arts in Intelligence Operations from America Military University. I have received formal training at the Federal Law Enforcement Training Center in Glynco, Georgia. I successfully completed the Criminal Investigators Training Program (CITP), which familiarized me with basic narcotic investigations, drug identification, drug detection, federal narcotics laws, financial investigations, money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, as well as undercover operations. In addition, I successfully completed a fourteen-week, ATF Special Agent Basic Training course in Glynco, Georgia. That course included comprehensive, formalized instruction in firearms identification, firearms trafficking, arson investigations, and explosives identification.

4. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

5. Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect or exclude an individual as a potential suspect.

6. I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include official government records, knowledge obtained from other individuals including law enforcement

2

personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

7. Because this affidavit is being submitted for the limited purpose of a search warrant for buccal swabs of MIKEL REEVES, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the legal basis for the issuance of a search warrant.

8. For the reasons described herein, there is probable cause to believe that evidence of violations of (1) 18 U.S.C. § 924(c)(1)(A)(i), Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence or a Drug Trafficking Offense, 21 U.S.C. § 841(a)(1) and 841(b)(1)(D), Unlawful Possession with Intent to Distribute Marijuana (the "TARGET OFFENSES") will be found located in the buccal swabs of MIKEL REEVES.

**PROBABLE CAUSE**

9. On August 20, 2025, officers with the Metropolitan Police Department (MPD) Fifth District Crime Suppression Team were conducting routine patrol in full uniform alongside agents from the Federal Bureau of Investigation (FBI), Department of Homeland Security (DHS), and Immigration and Customs Enforcement (ICE). All law enforcement members with outside agencies wore civilian clothing but had insignia which identified them as law enforcement.

10. Through their knowledge and training, the MPD officers were aware that narcotics are regularly sold in the vicinity of 400 Rhode Island Avenue Northeast, Washington D.C. Accordingly, as they drove southbound in the 2300 block of 4th Street Northeast, Officers Vanriel, Gatewood, Medina, De'Plour, and Sergeant Rosa were alert to indicia of narcotics sale, possession, and use.

11. As they traveled down 4th Street, they observed a white Honda bearing DC tags JK9527 parked alongside a gas pump in the parking lot of a BP Gas Station located at 400 Rhode Island Avenue Northeast, Washington D.C. Officers observed two occupants seated in the driver's seat and front passenger's seat. Both front doors were open. Officers observed the driver, later identified as Treyvon COOPER (D.O.B 03/28/1997), seemingly notice the marked police cruiser, exit the Honda and close the door, and walk away. COOPER walked out of the gas station parking lot and entered a liquor store adjacent to the gas station.

12. As they were driving by and parallel with the Honda, officers observed the front passenger, later identified as Mikel REEVES (D.O.B. 8/24/2006), take a draw on what was later identified to be a hand-rolled marijuana cigarette. Officers also observed a large cloud of smoke emanating from the front passenger compartment. Based on their knowledge and training, as well as the density of the cloud of smoke, the officers believed the smoke to be more consistent with marijuana than a regular cigarette. At that point, the officers also smelled the odor of freshly burnt marijuana.

13. When REEVES seemingly took notice of the marked police cruisers, he also exited the Honda, closed the door, and walked away.

14. Upon observing the actions of COOPER and REEVES separating from the vehicle when they observed the presence of law enforcement, the presence of smoke emanating from the vehicle, and the smell of burnt marijuana around the vehicle, Officers believed the actions of COOPER and REEVES to be consistent with individuals attempting to separate themselves from contraband (narcotics, firearms, or both) inside the vehicle. Officers exited their vehicles and stopped COOPER inside of the liquor store.

15. REEVES attempted to walk in the same direction as COOPER but was stopped closer to the vehicle.

16. Using his flashlight, Sergeant Rosa looked into the vehicle and observed an apparently lit and still burning cigarette near the center console of the vehicle; smoke was actively emanating from the cigarette. Due to the proximity of the gas pump, Sergeant Rosa opened the car door to extinguish the cigarette.

17. When Sergeant Rosa opened the car door, he immediately observed a firearm on the passenger side floorboard alongside a black and yellow bookbag:



18. The Department of Forensic Science responded and recovered a .357 caliber black Glock 32. The weapon was loaded with 1 round in the chamber and 12 rounds loaded into a 13-capacity magazine. The weapon had a serial number of BWMX675.

5

19. Officer Vanriel then conducted a search of the vehicle and its contents. Inside the black and yellow bookbag were the following items:

    a. 221 clear sandwich bags;

    b. 1 clear bag containing green leafy substance, weighing 285.5 grams with packaging that field tested positive for THC;

    c. 1 small clear bag containing green leafy substance weighing 1.5 grams; and

    d. 1 black digital scale.

20. Officer De'Plour located a large clear bag containing 29.5 grams of marijuana inside the glove box. Recovered from next to the center console was a white marijuana cigarette, which tested positive for THC.

21. Recovered from COOPER was $90.00 in US Currency in the following denominations:

    a. 3- $20.00

    b. 2-$10.00

    c. 2- $5.00

22. Recovered from REEVES was $150.00 in US Currency in the following denominations:

    a. 1-$50.00

    b. 3-$20.00

    c. 1-$10.00

    d. 6-$5.00

23. As he was being arrested, COOPER spontaneously uttered a statement indicating that the vehicle was registered to his girlfriend. COOPER also spontaneously uttered a statement

indicating that he had just picked up REEVES from around 3rd Street. Given the presence of marijuana inside the glovebox, there is probable cause to believe that COOPER, as the driver and operator of the vehicle, possessed the marijuana.

24. There is also probable cause to believe that REEVES possessed the items in the backpack and the firearm. Based on the items inside the backpack—namely, the quantity of narcotics, the zip lock bags used for packaging narcotics, and the digital scale used to weigh narcotics—there is probable cause to believe the possession of the narcotics to be consistent with quantities possessed by individuals intending on distributing the substance and inconsistent with possession for personal use.

25. There is also probable cause to believe REEVES was in possession of the firearm, based on the location of the firearm and where REEVES was observed seated in the vehicle. A Wales/NCIC check of the firearm serial number revealed that it was unregistered in the District of Columbia. A query of DC gun Registry and Wales/NCIC revealed that REEVES did not have a license to carry a firearm or any firearms registered to him. Given the proximity of the firearm to narcotics and other drug paraphernalia in the bookbag, as well as the fact that the firearm was not being properly stored or registered in the District of Columbia, there is probable cause to believe the firearm was used in furtherance of REEVES's intent to distribute marijuana.

26. COOPER and REEVES were placed under arrest and transported to the Fifth District to be processed.

27. I know from experience and training that DNA is found in human tissue and provides a genetic "blueprint" for each person. Thus, DNA is unique to each person with the exception of identical twins, and it has accordingly been used by forensic scientists in a manner similar to fingerprints, that is, to identify persons who have left their DNA behind at crime scenes

or on items of evidence. DNA evidence is potentially extremely accurate as a means of identifying individuals. DNA can be found in any number of bodily tissues, including blood, hair, bone, and saliva. Accordingly, a DNA sample suitable for comparison may be obtained by swabbing the inside of a person's mouth, commonly known as a "buccal swab." Buccal samples are obtained by asking the subject to open their mouth, whereupon a law enforcement officer (or the subject upon request of the law enforcement officer) inserts a sterile, elongated "Q-tip" into the subject's mouth, which is then rubbed vigorously along the inside of the subject's cheeks and elsewhere inside the mouth.

28. Based on your affiant's training and experience in the recovery of firearms, ammunition, firearms accessories, and other items, those materials likely contain DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

29. Obtaining DNA samples will require obtaining buccal swabs of saliva by swabbing the inside of the mouth of MIKEL REEVES. The samples will then be sent to a laboratory for comparison purposes to evidence collected during the course of this investigation and to be entered into Combined DNA Index System (CODIS).

30. Based upon the facts of this case, there is an evidentiary nexus between the recovered firearms, ammunition, and magazines and MIKEL REEVES, whose DNA is sought. The items were seized from the passenger's compartment of a vehicle in which REEVES was sitting immediately before the firearm was recovered.

31. There is probable cause to search the person of MIKEL REEVES for a saliva sample containing his DNA because there is probable cause that his DNA is evidence of a crime.

32.  There is also probable cause to believe that the firearm, ammunition, and magazine recovered likely contain DNA.  A match between REEVES's DNA and DNA on those items would make it more probable that MIKEL REEVES committed one or more of the TARGET OFFENSES.

## CONCLUSION

33.  Based on the foregoing, I request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above-described investigation, to obtain buccal swab samples from MIKEL REEVES, so that the sample may be compared to evidence collected during the course of this investigation.

Respectfully submitted,

*James R. Parrotte* (signature)

JAMES R. PARROTTE
SPECIAL AGENT
ATF

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 26, 2025.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE